UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COREY LAPOINT**<br>    DOC # 587572/002396038 | : | **DOCKET NO. 2:20-cv-0530**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JEFFERSON DAVIS PARISH**<br>**POLICE JURY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by Corey LaPoint, who is proceeding *pro se* and *in forma pauperis* in this matter. LaPoint is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Jefferson Davis Parish Jail in Jennings, Louisiana ("JDPJ").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I.**
**BACKGROUND**

LaPoint alleges that on June 10, 2019, the metal covering for a roll-away door system fell off and hit him on the head, knocking him unconscious. Doc. 1, p. 3. He was taken to the hospital and released after being treated. *Id.* He filed a grievance the next day and was then transferred from JDPD to Concordia Parish Jail, where he filed another grievance and request for medical attention. *Id.* He was seen by medical staff and prescribed medications for nerve pain and muscle

relaxers. *Id*. He was subsequently transferred back to JDPJ, taken off of his medication and "told there was nothing wrong with [him] by a doctor on a screen." *Id*.

Plaintiff brings the instant suit seeking proper medical care and compensation for his pain and suffering. *Id*. at p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

LaPoint has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

#### a. Negligence

Plaintiff does not allege a legal theory under which the named defendants are liable for the metal covering falling on his head. However, he seeks to name as a defendant "whoever does the maintenance at the Jefferson Davis Parish Jail," so he appears to claim there was negligence in maintaining the property. Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 106 S. Ct. 662, 663-671 (1986). Plaintiff fails to allege that defendants intended to violate his constitutional rights through any maintenance, or lack thereof.

#### b. Medical Care

Plaintiff also complains of lack of proper medical care.

The federal constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

LaPoint has made no such showing. He concedes that he was taken to the hospital immediately after the incident. Doc. 1, p. 3. He was treated and released back to JDPJ. *Id*. After being transferred to Concordia Parish Jail, he was given medical attention and medication. *Id*. He was transferred back to JDPJ, at which time the doctor at that facility determined he did not require any additional medication. He does not contend that he was not given any medical care, only that he is entitled to better medical care, including an MRI. *Id*. at p. 4.

While LaPoint may disagree with some aspects of his treatment, "a prisoner's disagreement with his medical treatment" does not constitute deliberate indifference, "absent exceptional circumstances." *Moreno v. Kwarting*, 763 Fed. Appx. 368, 369 (5th Cir. 2019) (*citing Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). The Fifth Circuit has stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). The fact that a plaintiff continues to suffer pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). Moreover, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Id*.

Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (ii), as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 12th day of May, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE